**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CR-22-151-R** |
| | ) | **CIV-26-580-R** |
| **SHANNON LONGMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 57]. In a previous order [Doc. No. 59], the Court instructed Defendant to show cause as to why the motion should not be dismissed as untimely. Defendant filed a response [Doc. No. 61] asserting that summary dismissal was not warranted.

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. The limitation period runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Defendant entered a plea of guilty and did not file a direct appeal. The sentence and judgment of conviction was entered on July 19, 2023 and became final fourteen days later. *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring notice of appeal within fourteen days after entry of criminal judgment); *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.").

Defendant filed her § 2255 Motion on March 23, 2026, well past the expiration of the one-year time limit contained in § 2255(f)(1), and no other factual or legal basis for a finding of timeliness is apparent. In her response to the show cause order, Defendant asserts arguments that go to the merits of her claims but does not advance any persuasive argument establishing that her claims are timely or that equitable tolling might be warranted.

Accordingly, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is dismissed as untimely. A certificate of appealability is denied.

IT IS SO ORDERED this 10th day of June, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE